### PARKER et al., Appellants, v. WEBSTER, Respondent.

(Supreme Court, General Term, Fifth Department.   January 18, 1894.)

Action by Pascal D. Parker and others against Edward Webster, as executor, etc.

No opinion.   Judgment appealed from affirmed.   Opinion by BRADLEY, J.   (Withheld from publication by the judge.)

---

### PIERCE, Appellant, v. REDDISH, Respondent.

(Supreme Court, General Term, Fifth Department.   January 18, 1894.)

Action by Henry C. Pierce against J. A. Reddish.

No opinion.   Judgment of the county court of Steuben county affirmed, with costs.

---

### PEOPLE v. McDOWELL.

(Supreme Court, General Term, Fifth Department.   January 18, 1894.)

Prosecution against William A. McDowell for selling intoxicating liquors. Motion to amend decision so as to certify that the reversal was upon questions of law only, etc.

PER CURIAM.   It is true that the new trial in this case was granted upon the law; but we cannot certify that upon the facts we would affirm the conviction, for the reason that we think the evidence establishes, or that the jury might have found as facts, that the board of excise granted the defendant a license, that the commissioners of excise, composing the board, were one a de jure and the other a de facto officer, and that the defendant applied to such board for a license in good faith, believing the persons composing it to be de jure officers.   See 23 N. Y. Supp. 950.

---

### PEOPLE v. MAYO.

(Supreme Court, General Term, Fifth Department.   January 18, 1894.)

Prosecution against Philip Mayo.

No opinion.   Motion to amend decision so as to certify that the reversal was upon the law, etc., denied.

---

### PEOPLE, Respondent, v. STEVENS, Appellant.

(Supreme Court, General Term, Fifth Department.   January 18, 1894.)

Prosecution against Frank Stevens.

No opinion.   Motion to dismiss the appeal, and for an affirmance of the conviction, on the ground of nonservice of printed papers granted on default, and the proceedings are remitted to the court of sessions of Monroe county to proceed thereon.